IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IGOR CHERKASSKY,

                    Plaintiff,                              OPINION AND ORDER

        v.                                                       24-cv-870-wmc

HIGH-END SERVICES, and
SUB-ZERO GROUP, INC.,

                    Defendants.

---

In this diversity action, plaintiff Igor Cherkassky alleges that defendants breached their service contract and negligently repaired his refrigerator, leading to the growth of toxic mold in his Florida home.  Defendant High-End Services, the Florida appliance-repair business that serviced the refrigerator manufactured by defendant Sub-Zero, moves to dismiss this action for lack of personal jurisdiction and improper venue.  In the alternative, High-End Services ("HES") asks this court to transfer the case to the Southern District of Florida, where it does business and Cherkassky owns a home.  Because HES only operated in Florida during the sequence of events giving rise to the claims in this complaint, this court lacks personal jurisdiction over it.  Rather than dismiss HES from suit as a necessary, if not indispensable, party, however, the court will transfer this case to the Southern District of Florida, where the events at issue occurred and all parties are subject to personal jurisdiction.

UNDISPUTED FACTS[1]

## A. Underlying Claims

Plaintiff Igor Cherkassky is a New York resident who owns a home in Boca Raton, Florida.  (Pl.'s Compl. (dkt. #2) ¶¶ 2, 8.)  In his Florida home is a refrigerator manufactured by defendant Sub-Zero Group, Inc., a Wisconsin appliance manufacturer.  (*Id*. ¶¶ 4, 9.)[2] In March 2022, Cherkassky's freezer and ice maker were not functioning, and he called Sub-Zero's customer service center for assistance.  (*Id.* ¶¶ 9-11.)  Sub-Zero referred him to defendant High-End Service ("HES"), a Florida appliance-repair business, who then sent a technician to make the repair.  (*Id.* ¶¶ 11-12.)  Cherkassky and an HES technician reached an oral agreement to perform the repair, after which HES sent Cherkassky an invoice for the service.  (*Id.* ¶¶ 12-14.)  Because Cherkassky's refrigerator was not covered by a warranty, he alone paid HES's invoice.  (Dkt. #38, at 19.)

Cherkassky alleges that the HES technician's repairs caused a slow water leak into the wall behind the refrigerator, which in turn created a substantial toxic mold problem in his home.  (*Id.* ¶¶ 24-26.)  Cherkassky then filed suit against both Sub-Zero and HES in this district court for breach of the contract in repairing the refrigerator, negligent repair of

---

[1] The following facts are drawn from the plaintiff's complaint, the defendant's submissions in support of its motion to dismiss, and other affidavits in the record.  The court considers submissions in addition to the complaint because jurisdictional facts may include the allegations in the complaint *and* any other evidence submitted by the parties. *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012).  Unless otherwise noted, these facts are considered undisputed for the purposes of this motion to dismiss.

[2] Sub-Zero is both incorporated and principally does business from its corporate headquarters in Wisconsin, while HES is a Florida corporation located in Florida.  Finally, at this point, the court accepts plaintiff's representation that the damage to his Florida home due to defendants' failure to repair exceeds $75,000.

the refrigerator, and negligent misrepresentation that the refrigerator unit had been fully inspected and repaired. (*Id.* ¶¶ 32-44.) In Cherkassky's opposition to Sub-Zero's currently pending motion for summary judgment, he specifies that he intends to hold Sub-Zero liable for his injuries on a theory of agency or nondelegable duty. (Dkt. #38.)

### B. Relationship between Sub-Zero and High-End Service

HES has no physical presence in Wisconsin, provides no services to appliance owners in Wisconsin, and does not advertise or solicit business from appliance owners in Wisconsin. (Alonso Decl. (dkt. #37) ¶¶ 3-6.) Neither is HES a subsidiary or corporate affiliate of Sub-Zero, nor does Sub-Zero control or supervise HES's daily operations as it services appliances. (Disch Decl. (dkt. #33) ¶¶ 2, 5-9.) In 2015, however, Sub-Zero and HES apparently entered into an agreement designating HES as a "factory-certified authorized service provider" for Sub-Zero appliance owners in the south Florida area. (Dkt. #31, at 19; Alonso Decl. (dkt. #37) ¶¶ 1-2.) Under that agreement, HES uses Sub-Zero's branding and image on its marketing and invoices, while providing monthly reports to Sub-Zero about its service metrics. (Dkt. #37-1; Dkt. #31, at 19-23.)

In keeping with their agreement, Sub-Zero refers South Florida appliance owners to HES through their call center, as occurred in this case, and Sub-Zero also lists HES as a certified service provider for south Florida appliance owners on its website. (Pl.'s Compl. (dkt. #2) ¶ 11; *see, e.g.,* https://www.subzero-wolf.com/locator#zip=33496&type=service-parts.) In addition, whenever HES services appliances that are covered by a Sub-Zero warranty, Sub-Zero remits an "increased" payment to HES (presumably compared to what Sub-Zero pays non-certified repair businesses servicing in-warranty appliances). (Dkt.

#31, at 19-20.)  Finally, when HES works on out-of-warranty appliances, like Cherkassky's refrigerator, HES does not receive any compensation from Sub-Zero.  (Dkt. #31, at 22.)

OPINION

HES moves to dismiss this lawsuit for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), to dismiss for improper venue under Rule 12(b)(3). Alternatively, it seeks to transfer venue to the Southern District of Florida under 28 U.S.C. § 1406(a) or § 1404(a).  The court addresses each in turn.

## I.  Personal Jurisdiction

HES argues that it is not subject to personal jurisdiction in this court for plaintiff's claims.  When a defendant disputes personal jurisdiction, plaintiff bears the burden of showing that personal jurisdiction exists and must make a "*prima facie* showing of jurisdictional facts." *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012).  Such jurisdictional facts may include the allegations in the complaint or any evidence submitted by the parties.  *Id.*

In diversity cases like this one, the court has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997).  Therefore, the court must first determine whether the Wisconsin long-arm statute, Wis. Stat. § 801.05, would subject HES to personal jurisdiction in this court for plaintiff's claim.  *Daniel J. Hartwig Assocs., Inc. v. Kanner,* 913 F.2d 1213, 1216 (7th Cir. 1990).  If so, then the court must determine normally whether its exercise of personal jurisdiction under the Wisconsin long-arm statute comports with

the due process requirements of the Fourteenth Amendment. *Id.* However, because the Wisconsin long-arm statute is intended to go to the lengths of due process, the Seventh Circuit has in some cases collapsed these two steps. *Felland*, 682 F.3d at 678 (describing that "the constitutional and statutory questions tend to merge"). Moreover, because the due process inquiry is dispositive here, the court focuses on the federal constitutional analysis alone. *See id*.

For this court to constitutionally exercise personal jurisdiction over an out-of-state defendant like HES, that defendant must have sufficient "minimum contacts" with Wisconsin to create general or specific jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Due process limits on the [forum] State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Here, plaintiff argues that HES's contacts with Wisconsin establish this court's specific personal jurisdiction over his case. "The ultimate constitutional standard for the exercise of specific jurisdiction" is whether it is "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). This inquiry focuses on the *defendant's* course of conduct with respect to the particular claims at issue. *Felland*, 682 F.3d. at 674. While "there are various formulations of the standard for establishing specific personal jurisdiction," the Seventh Circuit routinely condenses them to "three essential requirements":

    (1)  the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his

> activities at the state;
> (2)  the alleged injury must have arisen from the defendant's forum-related activities; and
> (3)  the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Id.* at 673 (cleaned up) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In this case, plaintiff's claim to personal jurisdiction of HES falls short as to the first of these essential requirements, since HES's limited relationship with Sub-Zero is not sufficient to be considered purposeful action directed towards Wisconsin with respect to his claims for breach of contract, negligent repair service, and negligent misrepresentation. "The nature of the purposeful-direction/purposeful-availment inquiry depends in large part on the type of claim at issue." *Id.* at 674.  For breach of contract claims, "it is only the *dealings between the parties in regard to the disputed contract* that are relevant to minimum contacts analysis."  *RAR*, 107 F.3d at 1278 (emphasis in original) (internal citation omitted).  For negligence claims, the inquiry focuses on the forum towards which the defendant directed his allegedly negligent acts and the forum in which the plaintiff suffered an injury. *See, e.g., Westgate Prods., LLC v. Edwards*, 2019 WL 2411454, at *4 (E.D. Wis. 2019).

Under either standard, HES's acts in creating and performing the contract to repair plaintiff's refrigerator involved no direct activities towards Wisconsin.  At most, the Sub-Zero call center connected plaintiff to HES, a Sub-Zero "factory-certified authorized service provider," but the subsequent service contract created to repair the refrigerator is between a New York resident and a Florida entity, was made in Florida, and was for services performed in Florida.  HES was also paid for its service only by the plaintiff, who has no

connections to Wisconsin.  Similarly, HES's passive acts of using Sub-Zero's branding on its invoice or receiving plaintiff's contact information from Sub-Zero,[3] such that it could *then* form a service contract with plaintiff, are insufficient to show that it purposefully availed itself of the privilege of doing business in Wisconsin.  Indeed, for the contract at issue, HES did not "target the Wisconsin market" in any way.  *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 879 (7th Cir. 2019).  Most importantly, such passive business practices could not have reasonably put HES on notice that it could be "haled into court" in Wisconsin to defend how it performed a service contract to repair a New York plaintiff's refrigerator in Florida.  *Burger King*, 471 U.S. at 474.

Similarly, HES's alleged negligent acts do not show that it purposefully directed activities toward Wisconsin sufficient to support specific personal jurisdiction.  To the contrary, plaintiff's complaint alleges that while performing the service contract, HES's technicians:  (1) negligently created a leak that generated a substantial toxic mold problem in plaintiff's Florida home; and (2) negligently misrepresented that they completely inspected the refrigerator and no problems remained after completing the repair.  As such, plaintiff does not allege that any of HES's negligent acts were "purposefully directed" toward Wisconsin; rather, HES's alleged negligent acts and plaintiff's injuries all occurred in Florida.[4]  *See Tamburo*, 601 F.3d. at 702 ("In all cases, the point of the purposeful-direction requirement is to ensure that an out-of-state defendant is not bound to appear to

---

[3] The record is even unclear as to whether Sub-Zero gave Cherkassky HES's contact information or vice versa, but that distinction is immaterial to the overall analysis.

[4] Some of plaintiff's damages may have occurred in New York where he resides, but there is certainly no indication in the record that he suffered *any* injuries in Wisconsin.

account for merely random, fortuitous, or attenuated contacts with the forum state")
(internal citation omitted). For largely the same reasons as the breach of contract claim,
therefore, plaintiff's negligence claims do not support a finding that HES's activities were
"purposefully directed" toward Wisconsin, such that it would be subject to specific
personal jurisdiction. *Id.*

Likewise, plaintiff cannot satisfy the second "essential requirement" for personal
jurisdiction because his injuries do not sufficiently "arise out of" or "relate to" HES's
contacts with Wisconsin. *Felland*, 682 F.3d. at 673. Again to the contrary, plaintiff's
alleged injuries in contract and tort are "intimately related" to HES's business activities in
Florida, not in Wisconsin. *uBID*, 623 F.3d at 431. As such, subjecting HES to "litigation
in this forum" would not be "reasonably foreseeable[,]. . . balanced, [or] reasonable." *Id*.
at 430-431.

Nonetheless, plaintiff argues that his injuries "arise out of" and "relate to" HES's
contacts with Wisconsin because, but for Sub-Zero and HES's authorized service provider
agreement, and HES supposedly receiving plaintiff's contact information from Sub-Zero,
he would not have contracted with HES and its technicians would not have negligently
repaired the refrigerator. Such a distant causal chain to plaintiff's claims is too attenuated
of a contact to support personal jurisdiction over HES in Wisconsin. *See GCIU-Emp. Ret.
Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1025 (7th Cir. 2009) (quoting *O'Connor v. Sandy
Lane Hotel Co., Ltd.*, 496 F.3d 312, 322 (3d Cir.2007)) ("But-for causation cannot be the
sole measure of relatedness. . . . The problem is that it 'has . . . no limiting principle; it
literally embraces every event that hindsight can logically identify in the causative chain.'")

Standing alone, the but-for cause that HES received plaintiff's contact information from Sub-Zero does not make it reasonably foreseeable that HES would have to defend its acts entirely performed in Florida for a New York citizen in a Wisconsin court. *uBID*, 623 F.3d at 430.  As such, this court cannot exercise personal jurisdiction over HES without violating the federal due process clause.

## II.  Improper Venue and Transfer of Venue

HES also argues that venue is improper in this district.  Venue in federal civil actions is proper in: (1) the district in which any defendant resides, if all defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b).  Plaintiff primarily relies on § 1391(b)(2) in arguing that his phone call to Sub-Zero is a substantial part of the events giving rise to his claim.[5]  As already discussed above, however, plaintiff's phone call to Wisconsin is a distant, but-for cause of the events giving rise to his breach of contract and negligence claims here, rather than a substantial part of them, since the formation and performance of the contract at issue *and* the acts and injury comprising the alleged torts *all*

---

[5] Plaintiff also relies on § 1391(b)(1).  However, as the court has concluded that it cannot exercise personal jurisdiction over HES, this provision is not applicable.  *See* 28 U.S.C. § 1391(c)(2) (the residence of an entity is "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.")

occurred in Florida.[6]  As such, venue is improper in this district.

Nonetheless, transfer of this case is in the interest of justice, and complete dismissal is not warranted.  28 U.S.C. § 1406(a).  As an initial matter, plaintiff could have brought this claim in the Southern District of Florida, where plaintiff owns a property, the material events occurred, and most material witnesses and evidence are located.  Moreover, the courts of Florida have a greater interest in deciding contract and negligence disputes when they occur in Florida than do the courts in Wisconsin, and Florida courts are likely to be more familiar with the applicable common law.  Finally, unless the whole case is transferred to Florida, a real risk exists for inconsistent verdicts as to the two defendants' liability and damages.  Therefore, the court will transfer the entire case to the Southern District of Florida.

## ORDER

IT IS ORDERED that:

1)  Defendant High End Service's motion to dismiss for lack of personal jurisdiction (dkt. #35) is GRANTED.

2)  The clerk of court is directed to transfer this case to the United States District Court for the Southern District of Florida.

Entered this 6th day of March, 2026.

BY THE COURT:
/s/

_____

WILLIAM M. CONLEY
District Judge

---

[6] Again, plaintiff's damages may have occurred in part in New York where he resides, but there is zero indication in the record that he suffered any injuries in Wisconsin.

10